IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE HAMMONDS            *
                              *
v.                            *        Civil Action WMN-11-3348
                              *
BALTIMORE COUNTY              *
BOARD OF EDUCATION            *

   *     *     *     *     *     *     *     *     *     *     *

### MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand. ECF No. 9.  The motion is fully briefed. Upon consideration of the pleadings, facts and applicable law and for the reasons set forth below, the Court determines that Plaintiff's Motion to Remand will be granted.

Plaintiff Catherine Hammonds commenced employment with Defendant Baltimore County Board of Education as a para-educator on April 29, 2008.  Plaintiff alleges that beginning in April of 2009, she was subjected to racial harassment and slurs by students in her classroom.  Plaintiff further contends that her repeated requests to the Board of Education to take effective measures to address the racially derogatory comments went unheeded.  Consequently, Plaintiff terminated her employment with the Baltimore County Board of Education on March 16, 2010.

On July 25, 2010, Plaintiff filed a charge of unlawful employment discrimination against her former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et

seq., with the Maryland Commission on Human Relations (MCHR) and the U.S. Equal Employment Opportunity Commission (EEOC).  See ECF No. 18-1.  Subsequently, on September 26, 2011, Plaintiff filed a complaint in the Circuit Court for Baltimore County alleging unlawful employment discrimination by her former employer in violation of Md. Code Ann., State Gov't § 20-1013,[1] making no mention of a Title VII claim.  On November 18, 2011, Defendant timely filed a Notice of Removal, ECF No. 1, asserting that the dispute is one in which a federal question must be decided.  Specifically, Defendant argues that Plaintiff has engaged in artful pleading because her original EEOC charge centered solely on federal claims.  In response, Plaintiff filed a motion to remand, ECF No. 9, arguing that the submission of a charge asserting a Title VII violation with the EEOC is not grounds for federal jurisdiction if the subsequent state court complaint is based entirely on state law claims.

---

[1]   This Section provides in pertinent part:

   . . . [A]complainant may bring a civil action against the respondent alleging an unlawful employment practice, if:

   (1) The complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent;

   (2) At least 180 days have elapsed since the filing of the administrative charge or complaint; and

   (3) The civil action is filed within 2 years after the alleged unlawful employment practice occurred

Section 1441(a) permits a defendant to remove a civil action filed in a State court over which the district courts of the United States have original jurisdiction, to the United States district court for the district and division embracing the place where the action is pending.  28 U.S.C. § 1441(a). Absent diversity of citizenship, the propriety of removal under § 1441 depends on whether the action is one "arising under the Constitution, laws, or treaties of the United States," as set forth in 28 U.S.C. § 1331.  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

"[F]ederal question jurisdiction is determined by the 'well-pleaded complaint' rule, which provides that the federal question must be presented on the face of the plaintiff's properly pleaded complaint to confer jurisdiction, and the plaintiff may avoid federal jurisdiction by relying exclusively on state law." Owen v. Carpenters' Dist. Council, 161 F.3d 767, 772 (4th Cir. 1998) (internal quotations and citations omitted). Correspondingly, under the well-pleaded complaint rule, courts "ordinarily . . . look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996).

When considering whether removal is appropriate, courts must strictly construe removal jurisdiction due to the "significant federalism concerns" it raises.  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey, 29 F.3d at 151).  This narrow construction is designed to protect the sovereignty of the states.  Egle Nursing Home v. Erie Ins. Group, 981 F. Supp. 932, 933 (D. Md. 1997).  Therefore, the burden of establishing federal jurisdiction is on the party seeking removal, and if the claim to federal jurisdiction is doubtful, the court must remand the action to state court. Dixon, 369 F.3d at 816.

Recognizing that the complaint does not on its face allege any federal claims, the Defendant seeks to invoke the artful pleading doctrine to support federal removal jurisdiction.  The artful pleading doctrine permits a court to look behind a complaint to determine whether a plaintiff is attempting to conceal the federal nature of his claim by fraud or obfuscation.  Maryland v. Phillip Morris Inc., 934 F. Supp. 173, 175 (D. Md. 1996).  Artful pleading refers to the manner in which some plaintiffs manage to plead claims that are actually federal (because they are either completely preempted, or based entirely on substantial federal questions) under state law.  Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041-42 (9th Cir. 2002); Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758

4

F. Supp. 1098, 1100 (D.S.C. 1990).  In such cases, a court need not "blind itself to the real gravamen of [the] claim." <u>Philip Morris</u>, 934 F. Supp. at 176 (quoting <u>In re Wiring Device Antitrust Litig.</u>, 498 F. Supp. 79, 82 (E.D. N.Y. 1980)).

Adhering to these guiding principles, this Court concludes that Plaintiff has not engaged in artful pleading because her complaint neither presents a substantial federal question nor are her state law claims of employment discrimination preempted by Title VII.[2]  As such, Defendant has failed to meet its burden to prove that removal is proper.

In order to file suit under Section 20-1013 of the State Government Article of the Maryland Code (Section 20), Plaintiff was required to first make an administrative complaint.  She had the option to satisfy this administrative exhaustion requirement by filing a charge under federal, state <u>or</u> local law.  Md. Code Ann., State Gov't §20-1013.  After making a charge under the law of any of those jurisdictions and waiting 180 days, Plaintiff could then bring a cause of action.  <u>Id.</u>  As the master of her complaint, Plaintiff chose to exclusively rely on state law when filing suit, despite her earlier decision to rely on federal law

---

[2] Though Section 20 is the state law analog to Title VII, Title VII does not preempt state law.  <u>See</u> <u>Stephens v. Cowles Media Co</u>., 995 F. Supp. 974 (D. Minn. 1998) ("It is well-settled, however, that Sections 708 and 1104 of Title VII so severely limit the Act's preemptive effect, that State fair employment laws which do not countermand Title VII, are left in full effect.") <u>Id.</u> at 978.

when filing her administrative charge.  Defendant has failed to provide this Court with any citation to the Maryland Code or case law that precludes Plaintiff from having the latitude to make this decision, particularly as Section 20 provides a sustainable cause of action for employment discrimination independent of federal law.[3]

Defendant asks this Court to rely on M.Q. v. Baltimore County Public Schools, U.S. Dist. LEXIS 16690 (D. Md. 2005), to conclude that the Plaintiff in this case engaged in artful pleading and thus removal was proper.  In M.Q., parents of a minor child suffering from depression and an anxiety disorder requested that the school provide special education services, but the school refused.  After transferring the child to another school willing to accommodate the child's needs, the parents initiated an administrative hearing with the Maryland Office of Administrative Hearings seeking reimbursement for the tuition costs of the new school. In their request for a due process hearing, the plaintiffs stated that the child "should be identified for and receiving services pursuant to the [federal]

---

[3] The Court also notes that as (1) the lawsuit is based on the same alleged unlawful conduct that formed the basis for Plaintiff's EEOC charge and (2) Title VII and Section 20 are "virtually inseparable" bodies of law, see Opp'n at 10-11, the case against Defendant has not changed and Plaintiff's decision to file under state instead of federal law will not substantially prejudice Defendant.

Individuals with Disabilities Act (IDEA)."  <u>Id.</u>, at *3.  The
plaintiffs did not cite Maryland law in their request.

    After the hearing, the Administrative Law Judge (ALJ)
concluded that the child was not a child with a disability, as
defined by IDEA, and therefore was not entitled to special
educational services.  <u>Id.</u>, at *4.  The judge referenced both
federal and state law in his opinion, but relied exclusively on
federal law in reaching this conclusion.  The plaintiffs
appealed the administrative decision by filing a complaint in
state court which relied entirely on state law claims.

    The defendant filed a notice of removal to this Court and
Judge Blake denied the plaintiff's motion to remand on the basis
that plaintiffs had engaged in artful pleading and that their
claims necessarily turned on federal issues.  Judge Blake held
the plaintiffs' contention that the complaint was solely state-
based ignored "the history of the current dispute, their own
initial request for relief under the IDEA, and the fact that
they are appealing a decision that was made pursuant to federal
law."  <u>Id.</u>, at *9.

    The circumstances in the <u>M.Q.</u> case materially differ from
those in the case at issue.  Though both administrative
complaints centered on federal law, the role of the
administrative body involved is very different.  The due process
hearing in <u>M.Q.</u> was held before an ALJ whose role was to review

the school's initial decision and determine whether it complied with federal and state law.  The decision made by the ALJ was binding on the parties, insofar as a decision that M.Q. did not have a disability prevented plaintiffs from obtaining the relief requested (and, conversely, a decision that plaintiff was disabled would have entitled plaintiff to such relief).  Unhappy with the ALJ's decision, the plaintiffs appealed to state court asserting state law claims.  As the court was reviewing the decision of the ALJ which was entirely based on federal law, however, the claims were more appropriately federal, and so removal was appropriate.

In contrast, EEOC's role is to investigate allegations of discrimination and assess whether it can conclude that there were violations under any of the statutes it enforces.  It is an enforcement body, not a quasi-judicial body.  A finding of discrimination by EEOC does not carry with it any form of relief; it simply means that EEOC will attempt to settle the charge and may, if unable to settle the charge, file suit on the complainant's behalf.  In the present case, EEOC never even made a finding, so Plaintiff's filing in state court was in no way an appeal from a legal decision based on her initial Title VII charge; the trial court need not consider any determinations of the EEOC with respect to the underlying charge when deciding the present case.  Therefore, even though Plaintiff's underlying

charge was based on federal law, the trial court action can proceed under state law.

As Defendant has failed to meet its burden establishing federal jurisdiction, a remand is necessary.  Therefore, Plaintiff's motion to remand the case to State court will be granted.  A separate order will issue.

/s/

William M. Nickerson
Senior United States District Judge

DATED: March 8, 2012